UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RYAN GRIMES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CAUSE NO.  1:07-CV-241 |
| | ) |
| **HYDRO SYSTEMS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

### OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 12.)  As the proposed order contains major defects, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties provides no basis for finding good cause.  Instead, the order, which seeks to protect information beyond the discovery phase of the proceedings, contains an expansive definition of confidential information lacking in necessary specifics.

To explain, the proposed order seeks to protect as confidential any material that "contains compensation information, financial information, medical/mental health information, Social Security numbers, arrest/criminal records, tax information, trade secrets, proprietary information, or worker's compensation information or other sensitive information . . . ." (Proposed Stipulated Protective Order ¶ 1.)  Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M,

2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Here, the categories of materials that the order seeks to protect are overly broad. For example, the categories of "financial information" and "tax information" may encompass some information that is not kept secret by the company. *See Cook*, 206 F.R.D. at 248-49 (articulating that it is insufficient to state that information is confidential merely because it is not released to the general public, as the protected information must be kept secret from and not be readily ascertainable by potential competitors). In a similar vein, the categories of "proprietary information" and "other sensitive information" lack accompanying definitions; consequently, the Court is not satisfied that the parties know what information constitutes "protected" information in these two categories. *See Cincinnati Insurance*, 178 F.3d at 946.

Furthermore, the proposed order allows documents that "contain" protected information to be filed under seal (*see* Proposed Stipulated Protective Order ¶¶ 1, 8), rather than protecting solely the confidential material through redaction. *See Cincinnati Insurance*, 178 F.3d. at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Indeed, if the Court were to approve this order, the parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id*. at 944.

2

The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Furthermore, the proposed order makes no effort to specify why the purported protected materials are confidential and could be used by third parties to a party's detriment. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Finally, *Cincinnati Insurance* specifies that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Insurance*, 178 F.3d at 946. Here, the proposed order contains no such language.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed protective order (Docket # 12) submitted by the parties. SO ORDERED.

Enter for this 14th day of January, 2008.

                                        S/ Roger B. Cosbey
                                        Roger B. Cosbey,
                                        United States Magistrate Judge