UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RYAN GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:07-CV-241 |
| | ) | |
| HYDRO SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a revised proposed protective order. (Docket # 14.)  The revised proposed order still contains defects and thus will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  Here, the proposed order still fails to adequately specify why the purported protected materials are confidential and could be used by third parties to a party's detriment.  Instead, the proposed order conclusorily states that "[t]he release of its private . . . information may harm Hydro Systems, given the competitive nature of its business" and that it could potentially "provide information to the Defendant[']s competitors that would irreparably harm the Defendant in the local market." (Revised Stipulated Protective Order ¶ 1.)  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Furthermore, the proposed order still allows documents that "contain" protected information to be filed under seal (*see* Revised Proposed Stipulated Protective Order ¶¶ 1, 3(c), 8), incorporating the redaction of confidential material and filing of the document on the record as an optional procedure, rather than mandatory (*see* Revised Proposed Stipulated Protective Order ¶ 9 ("To the extent that redaction of certain information will be sufficient to protect the confidential nature of the documents, the entire documents *may* be provided with the confidential information redacted . . . .").) *See Cincinnati Insurance*, 178 F.3d. at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the revised proposed protective

2

order (Docket # 14) submitted by the parties.

    SO ORDERED.

    Enter for this 14th day of March, 2008.

                                                  S/ Roger B. Cosbey
                                                  Roger B. Cosbey,
                                                  United States Magistrate Judge